O

# United States District Court
# Central District of California

| | |
|---|---|
| CATHAY LOGISTICS, LLC and SINOFREIGHT, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>GERBER PLUMBING FIXTURES, LLC and DOES 1 to 25, inclusive,<br><br>       Defendants. | Case No. 2:15-cv-02926-ODW(RAO)<br>[Consolidated with Case No. 2:15-cv-04146-ODW (GJS)]<br><br>**ORDER GRANTING GERBER PLUMBING FIXTURES, LLC'S MOTION FOR SUMMARY JUDGMENT** |

## I.   INTRODUCTION

Plaintiff Gerber Plumbing Fixtures, LLC ("Gerber") moved for summary judgment on various affirmative defenses asserted by Defendants Amerifreight, Inc. dba Logistics Team ("Logistics Team"), 19201 Reyes, LLC ("Reyes"), Cathay Logistics, LLC ("Cathay"), and Sinofreight, LLC dba SB Freight ("Sinofreight") in the consolidated case of *Gerber Plumbing Fixtures, LLC v. Amerifreight, Inc., et al.*, Case No. 2:15-cv-04146-ODW (GJS).  For the reasons discussed below, the Court **GRANTS** Gerber's Motion. (*See* Mot. for Summ. J., *Gerber Plumbing Fixtures, LLC*

*v. Amerifreight, Inc., et al.*, Case No. 2:15-cv-04146-ODW (GJS), ECF No. 77).[1]

## II. BACKGROUND

Gerber, an Illinois company, manufactures and distributes residential and commercial plumbing products. (Gerber's Statement of Undisputed Material Facts ("SUF") 1, 6, ECF No. 78.) Logistics Team, a California company, provides warehousing and logistics services. (*See* SUF 3, 9.) In January 2012, Gerber and Logistics Team entered into a five-year contract whereby Logistics Team would provide warehouse storage and management for Gerber's inventory. (SUF 9–13.) From 2012 until June 2015, Logistics Team arranged for Gerber's products to be stored at a facility operated by Defendant 19201 Reyes, LLC ("Reyes"). (SUF 14.)

Separately, Gerber contracted with Cathay and Sinofreight for trucking and logistics services for its containers arriving by overseas carrier in both California and Illinois. (SUF 16.) On March 23, 2015, Cathay and Sinofreight filed a Complaint in the Los Angeles Superior Court against Gerber, contending that Gerber owes them in excess of $1 million on an open book account for shipping services. (SUF 19.)[2]

On March 30, 2015, Logistics Team sent an e-mail to Gerber stating its belief that Gerber had "engaged in bad faith dealings," and thus intended to move Gerber's products out of the Reyes facility by June 30, 2015, unless Gerber moved its products out before then. (SUF 21.)[3] The parties then exchanged a series of e-mails and phone calls regarding their contract for services and various unpaid debts. (SUF 21–23.) Gerber eventually informed Logistics Team that it would remove its inventory from the Reyes facility between May 31, 2015, and June 6, 2015. (*Id.*)

On June 1, 2015, a Gerber representative arrived at the Reyes facility to meet

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[2] Gerber has since removed that case to this Court. (*See* Not. of Removal, *Cathay Logistics, LLC et al. v. Gerber Plumbing Fixture, LLC*, Case No. 2:15-cv-02926-ODW (GJS) (C.D. Cal. Apr. 20, 2015), ECF No. 1.)

[3] The parties dispute whether Logistics Team was terminating the contract. (SUF 21–23.)

1 2 3 4 with a Logistics Team representative to coordinate the move-out. (SUF 28.) However, the Logistics Team representative informed the Gerber representative that it no longer had access to the facility, and that it had turned the keys over to Reyes. (SUF 29, 32.)[4]

5 6 7 8 9 10 11 12 On June 2, 2015, Gerber filed a Complaint against Logistics Team as well as an Application for a Temporary Restraining Order. (ECF Nos. 1, 3.) Gerber, claiming that Logistics Team was holding millions of dollars' worth of inventory hostage, sought an immediate injunction against Logistics Team for access to the Reyes facility. (ECF No. 3.) On June 11, 2015, Gerber filed a First Amended Complaint adding Reyes as a defendant to the case. (ECF No. 30.) Gerber also filed a second Application for Temporary Restraining Order, which seeks the same relief against Reyes. (ECF No. 33.)

13 14 15 16 17 18 19 20 The Court denied the TRO as to Logistics Team, but granted the TRO as to Reyes. (ECF No. 43.) The Court ordered Reyes to give Gerber access to its facility on a 24-hour basis for a minimum of five calendar days, and access during regular business hours for a minimum of ten calendar days, so that Gerber could remove its remaining inventory. (*Id.*) On July 1, 2015, the parties submitted a joint report to the Court. (ECF No. 50.) The parties represented to the Court that it would complete the move-out within the next seven business days. (*Id.*) None of the parties voiced any objection to the move-out process.

21 22 23 24 On December 18, 2015, Gerber filed a Second Amended Complaint ("SAC"), in which Gerber asserts three causes of action: (1) breach of contract (against Logistics Team); (2) conversion (against Reyes); and (3) conspiracy to commit conversion (against Logistics Team, Reyes, Cathay, and Sinofreight). (ECF No. 68.)

---

[4] The parties dispute the reason why Logistics Team turned over the key to Reyes. Gerber contends that Logistics Team, Cathay, Sinofreight, and Reyes essentially conspired to pressure Gerber to pay certain outstanding storage fees (SAC ¶¶ 134, 139, 143); Logistics Team contends that it was simply required to turn over the keys to Reyes because it failed to pay rent to Reyes—which, in turn, was Gerber's fault. (Logistics Team Opp'n 11.)

3

1  That same day, Reyes answered Gerber's SAC. (ECF No. 70.) On December 31,
2  2015, Logistics Team, Cathay, and Sinofreight answered the SAC. (ECF No. 74.) On
3  April 11, 2016, Gerber moved for summary judgment on various affirmative defenses
4  asserted by each Defendant. (ECF No. 77.) All Defendants timely opposed, and
5  Gerber timely replied. (ECF Nos. 84–95.) That Motion is now before the Court for
6  consideration.

### III. LEGAL STANDARD

The court must grant summary judgment to a moving party if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). If the moving party meets this burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine dispute for trial. *Id.*; Fed. R. Civ. P. 56(c).

A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, there must be more than a mere scintilla of contradictory evidence. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A court may not weigh conflicting evidence or make credibility determinations. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

/ / /

/ / /

## IV. DISCUSSION

### A. Logistics Team, Cathay, and Sinofreight

Gerber moves for summary judgment on the following affirmative defenses asserted by Logistics Team, Cathay, and Sinofreight:[5] (1) failure to state a claim; (2) unlicensed business activity; (3) breach of contract; (4) all obligations performed; and (5) comparative fault. (Mot. 9–14.) The Court discusses each in turn.

#### 1. Failure to State a Claim

Gerber argues that it is entitled to summary judgment on this affirmative defense because it is not an affirmative defense at all; rather, it is simply a denial of Gerber's claims. (Mot. 11–12.) Defendants argue that Gerber is actually moving the Court to strike the claim, not for summary judgment on the claim, and that such a motion is now untimely. (Logistics Team Opp'n 12–14.) Defendants also argue that they nevertheless have the "right" to pursue this defense. (*Id.* at 14–16.)

"Affirmative defenses are allegations unrelated to the plaintiff's *prima facie* case that deny the plaintiff's right to relief, even if all allegations in the complaint are true." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 471 (S.D. Cal. 2013) (emphasis in original). Thus, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Here, the defense of "failure to state a claim" is simply an averment that Gerber cannot prevail on its *prima facie* case. Thus, this is not an affirmative defense. *See, e.g.*, *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007); *Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014).

---

[5] Logistics Team, Cathay, and Sinofreight filed a single answer, in which they jointly assert each of these defenses.

The Court is unpersuaded—and rather confused—by Defendants' insistence that they nevertheless have the "right" to pursue this defense. Defendants describe at length the shortcomings of Gerber's conspiracy theory, yet this only further demonstrates that this "affirmative defense" is simply a challenge to Gerber's *prima facie* case. (Logistics Team Opp'n 14–16.) To the extent Defendants have otherwise preserved their challenges to Gerber's *prima facie* case (e.g., by way of factual denials in its answer), Defendants may raise those challenges at trial. However, the Court fails to see what purpose is served by maintaining this as an affirmative defense.

Finally, to the extent that summary judgment on this affirmative defense is procedurally improper and a motion to strike would be untimely, the Court elects to strike the affirmative defense *sua sponte*. *See* Fed. R. Civ. P. 12(f)(1). The defense is plainly not affirmative in nature and is redundant of the factual denials in its answers, and thus should be stricken.

### 2. All Obligations Performed

Defendants assert the affirmative defense of "all obligations performed," in which they allege that they "fully and/or substantially performed any and all obligations they may have had to Gerber." (Logistics Team's Ans. ¶ 151.) Defendants further argue in their Opposition that they are asserting this defense because "Gerber refused to pay for over $1 million in invoices for trucking services and third party expenses." (Logistics Team Opp'n 17–18.)

The facts that Logistics Team uses to support this defense fails to show that this defense is affirmative in nature. Logistics Team appears to argue that the $1 million Gerber *separately* owed to Cathay and Sinofreight somehow excused Logistics Team's obligations to Gerber. First, Logistics Team cites no authority for the proposition that breach of Contract A excuses performance under Contract B, and cites no contractual provision showing that its obligations under one contract are dependent upon Gerber's performance under *both* contracts. Second, it is always part of the plaintiff's *prima facie* case to show that it fully performed under the relevant

1 contract, thereby giving rise to the defendant's obligation to perform. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001) ("[T]he elements of the cause of action are the existence of the contract, *performance by the plaintiff or excuse for nonperformance*, breach by the defendant and damages." (emphasis added)). Consequently, Logistics Team's defense to the breach of contract claim—to the extent it is even viable—is certainly not affirmative in nature. In addition, to the extent Cathay and Sinofreight claim that breach of a contract is a defense (affirmative or otherwise) to a claim for conversion, they cite no authority for this proposition.

Finally, to the extent that summary judgment on this affirmative defense is procedurally improper and a motion to strike is untimely, the Court elects to strike the affirmative defense *sua sponte*. *See* Fed. R. Civ. P. 12(f)(1).

### 3. Comparative Fault

Gerber moves for summary judgment on Defendants' affirmative defense of comparative fault, arguing that it is not an affirmative defense to either a breach of contract claim or an intentional tort claim. (Mot. 14–16.) Defendants argue that at least some of the damage that Gerber suffered after removing its inventory for the Reyes warehouse was its own fault, and thus a comparative fault defense is appropriate. (Logistics Team Opp'n 18–21; Logistics Team's Statement of Additional Material Facts ("Logistics Team's AMF") 82–87, 91.) Gerber responds that this is essentially a mitigation issue, which Defendants separately pleads. (Reply 7–10; Logistics Team's Ans. ¶ 153.)

"Actions in contract do not allow an affirmative defense of comparative fault. Fault, comparative or otherwise, generally does not matter under the law of contracts. What matters, rather, is performance. Hence, performance with fault is sufficient, and nonperformance without fault is not enough." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 413 (2000) (Mosk, J., concurring); *but see F.D.I.C. v. Straub*, No. 11-03295 SBA, 2012 WL 1965621, at *3 (N.D. Cal. May 31, 2012)

1  (noting that while "comparative fault is *generally* not a defense to a breach of contract
2  claim," this does not mean "comparative fault is *never* a defense to a breach of
3  contract claim").

4  Here, even if comparative fault *could* be a defense to a breach of contract claim,
5  the facts that Logistics Team believes gives rise to the defense here do not actually
6  concern comparative fault at all—they concern only mitigation. Logistics Team does
7  not assert that Gerber is at fault for breaching the contract; it simply asserts that
8  Gerber's choice to house its inventory in Illinois after the move out from the Reyes
9  facility was unreasonable, and that the storage costs at the Illinois facility were
10 unreasonably high. Whether or not a plaintiff is asserting damages that it did not
11 reasonably incur is a classic mitigation issue. *See* Cal. Civ. Jury Instr. No. 358 ("If
12 [*name of defendant*] breached the contract and the breach caused harm, [*name of
13 plaintiff*] is not entitled to recover damages for harm that [*name of defendant*] proves
14 [*name of plaintiff*] could have avoided with reasonable efforts or expenditures. You
15 should consider the reasonableness of [*name of plaintiff*]'s efforts in light of the
16 circumstances facing [him/her/it] at the time, including [his/her/its] ability to make the
17 efforts or expenditures without undue risk or hardship.").

18 As to comparative fault as a defense to an intentional tort, the Court also
19 concludes that summary judgment is proper. "[A]pportionment of fault for injuries
20 inflicted in the course of an intentional tort . . . [is] improper." *Heiner v. Kmart Corp.*,
21 84 Cal. App. 4th 335, 349 (2000). It is "contrary to sound policy to reduce a
22 plaintiff's damages under comparative fault for his 'negligence' in encountering the
23 defendant's deliberately inflicted harm." *Id.* (citations omitted). Cathay and
24 Sinofreight argue that the defense arises from the unreasonable shipping and storage
25 costs, but again, this simply a mitigation issue. *See* Cal. Civ. Jury Instr. Nos. 3931,
26 3961, 3962. Thus, the Court grants summary judgment on this affirmative defense.

27 **4. Unlicensed Business Activity**
28 Gerber moves for summary judgment on this affirmative defense. (Mot. 12.)

8

Defendants respond that they are abandoning this affirmative defense. (Logistics Team Opp'n 2.) Thus, the Court grants the Motion as to this defense.

### 5. Breach of Contract

Gerber moves for summary judgment on this affirmative defense. (Mot. 12–13.) Logistics Team opposes, arguing that the factual basis for this affirmative defense is that Gerber's breach of the contract excused Logistics Team's failure to perform. (Logistics Team Opp'n 16–17.) However, as previously noted, demonstrating performance and/or an excuse for non-performance under the contract is part of Gerber's *prima facie* case; it is not an affirmative defense. Cal. Civ. Jury Instr. Nos. 303, 324; *Reece*, 89 Cal. App. at 745. Thus, the Court strikes this affirmative defense as well.

## B. Reyes

Gerber moves for summary judgment on the following affirmative defenses asserted by Reyes: (1) settlement; (2) setoff/recoupment; and (3) comparative fault. The Court discusses each in turn.

### 1. Settlement

Gerber moves for summary judgment on this defense. (Mot. 16–17.) Reyes responded that it would withdraw this affirmative defense if the case did not settle at mediation in May 2016. (Reyes Opp'n 3–4.) Given that the matter did not settle, the Court grants the Motion as to this affirmative defense.

### 2. Setoff/Recoupment

Reyes alleges that it is entitled to a setoff or recoupment. According to Reyes, Gerber should be required to pay rent for the 21 days it took for Gerber to vacate the premises after the Court issued the TRO. (Reyes Opp'n 4–5.) Thus, Reyes argues, the Court should offset such rent against any judgment entered in Gerber's favor. (*Id.*)

Setoff and recoupment are equitable defenses under which a defendant may seek to offset sums owing to the plaintiff against sums owing from the plaintiff to the defendant. *See Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th

Cir. 1996) (citing *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995)). A defendant may assert these affirmative defenses to actions at law.[6] *Space Properties, Inc. v. Tool Research Co.*, 203 Cal. App. 2d 819, 827 (1962); *Jhaveri v. Teitelbaum*, 176 Cal. App. 4th 740, 753 (2009). The right to setoff derives from both statute and the court's inherent equitable authority to do justice between the parties. *Howard v. Am. Nat. Fire Ins. Co.*, 187 Cal. App. 4th 498, 516 (2010); Cal. Code Civ. Proc. § 431.70.

To determine whether a defendant is entitled to a setoff, "[t]he test is whether the defendant could have maintained an independent action on the demand attempted to be set off." *Cuneo v. Lawson*, 203 Cal. 190, 196 (1928); *see also R. M. Sherman Co. v. W. R. Thomason, Inc.*, 191 Cal. App. 3d 559, 563 (1987) ("The general rule is that a setoff must rest on a claim enforceable in its own right."). "[T]he court, not the jury, decides whether to allow, and if so the amount of, any offset." *McMillin Companies, LLC v. Am. Safety Indem. Co.*, 233 Cal. App. 4th 518, 535 n.24 (2015).

Here, Reyes does not demonstrate that it could maintain an independent action against Gerber for rent during the move-out period. That is, while Reyes lays out the facts and argues that the Court *should* award it the cost of rent during Gerber's move-out, it does not describe the legal theory that *entitles* it to such recovery. *See Aguilar*, 782 F.3d at 1108 (courts need not consider an undeveloped argument that is not supported by citations to authority); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ."); *United States v. Ramirez*, 448 F. App'x 727, 729 (9th Cir. 2011) (making conclusory arguments without citation to authority is insufficient to preserve the argument); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.").

---

[6] While formerly distinct theories, setoff and recoupment have merged into a single doctrine for the purposes of California law.

Without any underlying legal theory, Reyes fails to demonstrate how it could prevail on its affirmative defense of setoff or recoupment. Thus, Gerber is entitled to summary judgment on this affirmative defense.

### 3. Comparative Fault

Finally, Reyes argues that is entitled to assert a defense of comparative fault. (Reyes Opp'n 6–7.) This affirmative defense is based on the same facts as Reyes' setoff/recoupment defense. (*Id.*) First, as previously noted, comparative fault is not a defense to an intentional tort—which is the only claim Gerber asserts against Reyes. *See supra* p.8. Second, the amount of time that Gerber took to move its products out of the Reyes facility *after* the alleged conversion occurred has nothing to do with Reyes' liability for the conversion. Thus, the Court grants summary judgment on this affirmative defense as well.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Gerber's Motion for Summary Judgment. (Mot. for Summ. J., *Gerber Plumbing Fixtures, LLC v. Amerifreight, Inc., et al.*, Case No. 2:15-cv-04146-ODW (GJS), ECF No. 77.)

**IT IS SO ORDERED.**

July 19, 2015

_____
            **OTIS D. WRIGHT, II**
       **UNITED STATES DISTRICT JUDGE**