**O**

# United States District Court
# Central District of California

| | |
|---|---|
| CATHAY LOGISTICS, LLC and SINOFREIGHT, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GERBER PLUMBING FIXTURES, LLC and DOES 1 to 25, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-02926-ODW(RAO) [Consolidated with Case No. 2:15-cv-04146-ODW (GJS)]<br><br>**ORDER GRANTING GERBER PLUMBING FIXTURES, LLC'S MOTION FOR RECONSIDERATION [124]** |

The Court **GRANTS** Gerber's Motion for Reconsideration of the Court's prior order requiring a jury trial on all issues in both actions. (ECF No. 124.) California law requires an "express demand" for a jury trial within the meaning of Rule 81(c)(3)(A). *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983). Because Cathay did not do so in compliance with state law[1] before the matter was removed to federal

---

[1] Although Cathay requested a jury trial in the Civil Case Cover Sheet it filed in state court prior to removal, this does not constitute a jury demand "in accordance with state law." Fed. R. Civ. P. 81(c)(3)(A); *see I.S. Chapman & Co. v. Cramer*, 118 Cal. App. 304, 305–06 (1931) (holding that a written demand filed prior to the time the case is first set for trial does not constitute compliance with the jury trial statute); *but see Massok v. Keller Indus., Inc.*, 147 F. App'x 651, 661 (9th Cir. 2005) (unpublished) (holding that the plaintiff "made a valid jury demand when he submitted his 'Civil Case Cover Sheet Addendum Certificate of Grounds for Assignment to Court Location.' . . . Thus [plaintiff's] valid California jury demand followed him to federal court upon removal."). The

court, Cathay was required to file a demand for jury trial within fourteen days after Geber filed its Answer. Fed. R. Civ. P. 38(b)(1). Cathay failed to do so, and thus the matter must be tried to the Court. Fed. R. Civ. P. 39(b).

Gerber is not judicially estopped from requesting separate trials. Gerber's prior motion to consolidate requested consolidation only for pretrial purposes, not for trial, and thus Gerber is not making inconsistent arguments.

Nor does the "law of the case" doctrine require a jury trial here. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (law of the case doctrine does not apply if the Court's prior ruling was clearly erroneous); C.D. Cal. L.R. 7-18 (court can reconsidering its prior ruling if there is a material difference in fact from that presented to the Court before such decision). Gerber brought to the Court's attention the fact that Cathay failed to properly demand a jury trial, and thus it is clear that the *Cathay* matter must be tried to the Court.

And while there is a Seventh Amendment right to a jury trial on issues in the *Gerber* case, this does not require one consolidated jury trial for both actions even if there are overlapping factual questions. Rather, the right to a jury trial is adequately safeguarded so long as the claims on which there is a jury trial right are determined prior to the claims on which there is no jury trial right. *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989). Upon return of the jury's verdict in the *Gerber* matter, the Court will discuss with the parties whether there are any preclusion issues that will impact the *Cathay* matter.

Finally, the Court's discretion to order a jury trial under Rule 39(b) is narrow, "and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). While Cathay's arguments regarding the inefficiency of holding two separate trials is well-taken, Cathay does nothing to

---

Court notes that *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983), applies to jury demands under Rule 38(b), not jury demands under state law.

show that its failure to demand a jury trial was anything but the result of oversight or inadvertence.

The Court therefore **ORDERS** as follows:

(1) The Court **GRANTS** Gerber's Motion for Reconsideration. (ECF No. 124.) Upon reconsideration, the Court vacates its prior order requiring a jury trial for the *Cathay* matter. Instead, the Court will conduct a bench trial on the *Cathay* action, and on any claims or defenses in the *Gerber* case for which there is no jury trial right (e.g., Cathay's affirmative defense of setoff);

(2) The Court **VACATES** its prior Order requiring the parties to submit a revised set of pretrial documents (ECF No. 122);

(3) The Court will generally conduct the jury trial between 8:00 a.m. and 2:00 p.m. each day (except the first day of trial, which will begin at 9:00 a.m. and end at approximately 4:30 p.m.), and will conduct the bench trial from 2:30 p.m. to 5:00 p.m. each day. During the bench trial, the parties should be prepared to examine and cross-examine the same witnesses who appeared that day for the jury trial, such that the witnesses (where possible) do not have to return to Court on multiple days to testify in each of the cases.

**IT IS SO ORDERED.**

October 13, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3